CATHERINE CALHOUN V. ED ANDERSON *et al.*

No. 15,370.    (98 Pac. 275.)

SYLLABUS BY THE COURT.

INFANTS—*Ratification of Contract — Consideration for a New Deed.* No new consideration is requisite to sustain the validity of a deed given by one, after he has attained his majority, to the same grantee, or, at the latter's request, to another, in ratification of the conveyance of the property made during minority.

Error from Kingman district court; PRESTON B. GILLETT, judge. Opinion filed November 7, 1908. Affirmed.

### STATEMENT.

ONE William Calhoun, in his lifetime, conveyed a number of tracts of land to his seven children, one of whom was the plaintiff in error, Catherine Calhoun, and the children at the same time mortgaged the lands to the father in the sum of $5000. Catherine, with others of the children, deeded her interest in the land to her brother, Humphrey Calhoun, at a time when she was under the age of eighteen years, and Humphrey promised to pay her $1000 for her one-seventh interest. Humphrey in turn conveyed the land to Ed Anderson, and, after Catherine attained her majority, she executed a deed of her interest to Anderson. After the death of her father L. F. Walter was appointed administrator of his estate and commenced this suit to foreclose the $5000 mortgage, making Ed Anderson, Humphrey Calhoun, Catherine Calhoun, and others, parties defendant.

Catherine Calhoun answered and alleged that she was the owner of an undivided one-seventh interest in the land, and alleged that her quitclaim deed therefor to Ed Anderson after she attained her majority was executed without any consideration and was never delivered; that she was induced to execute the same on the representations of Ed Anderson and her brother, Humphrey, acting for Ed Anderson; that the deed was intended to convey certain lots in the city of Wichita; that she relied upon the representations, and signed the deed without reading it.

This answer was met by a general denial in reply. On the trial, the burden of proof being upon Catherine to sustain the allegations of her answer, she failed in every respect, even in her own testimony, to prove any of the allegations except the allegation that she received no consideration from Ed Anderson for the quitclaim deed, but she did show that her brother Humphrey promised to pay her $1000 therefor when she

deeded her land to him. The court by its judgment denied her any interest in the land, and she prosecutes error.

*Thornton W. Sargent,* and *George L. Hay,* for plaintiff in error.

*J. A. Brubacher,* and *James Conly,* for defendant in error Ed Anderson.

The opinion of the court was delivered by

SMITH, J.: The only proposition of law involved in the case is whether a new consideration is requisite to sustain a deed given by one, after he has attained his majority, to the same grantee, or, at the latter's request, to another grantee, in ratification of a conveyance of the same property made during minority. The authorities are so uniform that such new consideration is not requisite that a discussion thereof would not tend to illuminate the question. (See 22 Cyc. 545, 603; 18 Am. St. Rep. 706, note, and cases there cited.)

The judgment of the district court is affirmed.